UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
ROBERT CISNEROS,                                            :
                                                            :
                              Petitioner,                   :
                                                            :         05 Civ. 439 (GEL)
                    v.                                      :
                                                            :         **OPINION AND ORDER**
GARY GREENE,                                                :
                                                            :
                              Respondent.                   :
------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

      Robert Cisneros, a New York State prisoner, petitions for habeas corpus to challenge his conviction on July 17, 2002 for the murder of Rafael Vargas in the course of a botched robbery, and his resulting sentence to an indeterminate prison term of 25 years to life. Castillo argues that the guilty verdict was against the weight of the credible evidence, in view of weaknesses in the testimony of the principal prosecution witnesses, who identified him more than a decade after the crime. For the reasons that follow, the petition will be denied.

      The sole ground offered by Cisneros for attacking his conviction is that "the guilty verdict was against the weight of the credible evidence." (Pet. 3a.) As respondent correctly points out, "[a] 'weight of the evidence' argument is a pure state law claim grounded in New York Criminal Procedure Law § 470.15(5)," as opposed to a "legal sufficiency claim," which "is based on federal due process principles." Answer ¶ 28, citing Correa v. Duncan, 172 F. Supp. 2d 378, 381 (E.D.N.Y. 2001). As such, it is not cognizable on habeas corpus. Correa, 172 F. Supp. 2d at 381; Douglas v. Portuondo, 232 F. Supp. 2d 106, 116 (S.D.N.Y. 2002); Lemons v. Parrott, No. 01 Civ. 9366 (LBS), 2002 WL 850028, at *3 (S.D.N.Y. May 2, 2002); McBride v. Senkowski,

No. 98 Civ. 8663 (MBM), 2002 WL 523275, at *4 n.2 (S.D.N.Y. Apr. 8, 2002).

However, Cisneros's pro se petition incorporates the argument made on his behalf in the Appellate Division, which cites Jackson v. Virginia, 443 U.S. 307 (1979), and argues, at least in passing, that his conviction was supported by constitutionally insufficient evidence in violation of the Due Process Clause of the Fourteenth Amendment. Such a claim may be made on habeas corpus. See, e.g., Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996) (reviewing a habeas claim of insufficient evidence). Therefore, like the district courts in the cases cited above, this Court will construe Cisneros's petition liberally as making this argument.

Such an argument bears a heavy burden. Evidence is constitutionally sufficient if "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319 (emphasis omitted). All possible inferences that may be drawn from the evidence must be construed in the prosecution's favor. United States v. Rosa, 11 F.3d 315, 337 (2d Cir. 1993). The evidence here was more than sufficient to meet that standard.

Cisneros's conviction was supported by the testimony of two eyewitnesses, victims in the robbery, who identified him as the man who shot Vargas. Cisneros essentially repeats arguments properly made to the jury concerning the witnesses' credibility and accuracy. However, as the Appellate Division noted in unanimously affirming his conviction, such issues are for the jury to resolve. People v. Cisneros, 780 N.Y.S.2d 321, 321 (1st Dept. 2004). Moreover, while denying that he was the shooter, Cisneros himself made statements to the police which "admitted facts establishing his guilt of felony murder," id., specifically, that he had knowingly participated in the robbery by surveilling the intended victim and driving two other robbers to the scene of the

crime. Cisneros does not challenge the admissibility of these statements. Cisneros's unpersuasive claim that this confession was a failed effort to ingratiate himself to the police by identifying other criminals based on hearsay information (Pet. App. Div. Br. 29) was made to the jury and rejected.

Since Cisneros's argument was presented to the state courts and rejected on the merits, in order to grant the writ this Court would need to conclude that the Appellate Division's conclusion that the evidence was sufficient was not merely wrong, but was an "unreasonable application" of Jackson v. Virginia. 28 U.S.C. § 2254(d)(1). See Williams v. Taylor, 529 U.S. 362 (2000) (holding that habeas corpus can be granted only if the state court decision was based on an unreasonable application of clearly established federal law). The Appellate Division's conclusion was not only reasonable, but plainly correct.

## CONCLUSION

For the reasons set forth above, Cisneros's petition for a writ of habeas corpus is denied. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.").

SO ORDERED.

Dated: New York, New York
May 5, 2005

GERARD E. LYNCH
United States District Judge